Justice LEE,
concurring:
¶ 134 I agree with and concur in the court’s opinion and disposition of this case, including its determination not to opine on the “advisability” of issuing a rule regarding station-house interrogations. Supra ¶ 132. As the majority opinion explains, we are in no position to weigh in on this matter, as there is no law currently requiring recording of such interrogations and “a prospective ruling ... would not impact the investigators’ decision not to record the confession in this case.” Supra ¶ 131.
¶ 135 In my view that should be the end of the matter. If we are to leave it to our Advisory Committee on the Rules of Evidence to address this question “in the first instance,” supra ¶ 132, we should not get ahead of the committee by weighing in through our opinions in this case. Thus, I would not express the view “that recording confessions can only further the interests of justice,” or endorse the position “that we should adopt an evidentiary rule requiring station-house interrogations to be recorded.” Supra ¶ 135 (Durham, J., concurring).
¶ 136 First, we have no authority to adopt a rule, of evidence or otherwise, “requiring station-house interrogations to be recorded.” Supra ¶ 135. Our supervisory rulemaking authority extends only to matters of evidence and procedure. See Utah Const., art VIII, § 4 (“The Supreme Court shall adopt rules of procedure and evidence to be used in the courts of the state and shall by rule manage the appellate process.”). It does not encompass the power to direct the operations of law enforcement.
¶ 137 Second, although we conceivably could adopt a rule deeming unrecorded sta-tionhouse confessions inadmissible under the law of evidence, I do not think we have sufficient perspective on the matter to opine on the wisdom of such a rule at this juncture. Certainly there would be upsides to a rule foreclosing the admissibility of unrecorded confessions, as acknowledged above. See supra ¶ 132. But I have no idea whether the benefits of such a rule are “strong,” supra ¶ 135, much less whether they might outweigh any of the various costs or downsides of that approach (none of which have been presented to us on this appeal, but surely will be considered by our advisory committee in due course).
¶ 138 Finally, the devil is undoubtedly in the details here. The decision whether to adopt a rule of evidence should of course be informed by the nature and content of any proposed rule. Such a rale, moreover, would almost certainly have to be subject to exceptions set forth in any proposed rule. And unless and until we have the proposed text in front of us, I see no basis for an advisory thumb on the scale in its favor. I would *655 accordingly await the results of our advisory committee process instead of weighing in in advance.
Justice LEE filed a concurring opinion, in which Chief Justice DURRANT joined.